UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RODNEY L. GARROTT, | ) | CASE NO. C08-1181-JCC-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DECLINING TO SERVE |
| | ) | AND GRANTING LEAVE TO |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al., | ) | AMEND |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Rodney L. Garrott, proceeding *pro se* and *in forma pauperis*, submitted a 42 U.S.C. § 1983 civil rights complaint. (Dkt. 1.) He claims interference with his access to the courts, along with other constitutional violations, and names twenty-two different defendants. Having reviewed the proposed complaint, the Court notes the following deficiencies:

(1) In order to state a claim under 42 U.S.C. § 1983, a complaint must establish "the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). States are not persons for purposes of § 1983. *See Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc). Neither are entities that are arms of the

ORDER DECLINING TO SERVE
AND GRANTING LEAVE TO AMEND
PAGE -1

state, such as the Department of Corrections (DOC) or state prisons, persons under § 1983. *See Hewlett v. Rose*, 496 U.S. 356, 365 (1990). Accordingly, plaintiff may not sue the Washington DOC in this lawsuit.

(2) A plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A plaintiff may not hold supervisory personnel liable under § 1983 for constitutional deprivations under a theory of supervisory liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. Here, plaintiff's proposed complaint suffers from several different defects:

(a) Plaintiff fails to discuss, within the body of his complaint, a number of the individual defendants named in this lawsuit. He makes no mention of named defendants Maggie Miller-Stout, Lt. Buss, Lt. Duernich, CUS Saiz, Associate Bailey, or Associate Kucza and, therefore, fails to allege facts showing how these defendants caused or personally participated in causing the harm alleged in his complaint.

(b) Plaintiff names several supervisory personnel within the body of his complaint. However, in some instances, he appears to improperly attempt to hold that personnel liable under a theory of supervisory liability. For instance, he merely states that he kited a complaint to Superintendent Uttecht, without any explanation as to how Uttecht's own conduct violated his civil rights.

(c) With the remaining individual defendants named within the body of the complaint, the precise nature of plaintiff's allegations is often unclear. Plaintiff must clearly

explain how each named defendant caused or personally participated in causing the particular constitutional violations alleged.

(3) Because of the deficiencies described above, the Court declines to serve the complaint or to direct that an answer be filed. However, plaintiff is granted leave to amend his complaint to correct the identified deficiencies. Within **thirty (30) days** from the date of this Order, plaintiff shall submit an amended complaint that corrects the deficiencies outlined above. The amended complaint must be filed under the same case number as this one, and will operate as a complete substitute for, rather than a mere supplement to, the present complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If plaintiff fails to comply with this Order, the Court may recommend dismissal of this action.

(4) Plaintiff recently requested that the Court provide him with a copy of his proposed complaint. (Dkt. 3.) The Court also notes that plaintiff attached a number of original documents to that complaint. The Clerk is, therefore, directed to forward a copy of the proposed complaint (Dkt. 1, Attach. 1), along with all of the original and other documents attached to the proposed complaint (*id.*, Attachs. 2-6), to plaintiff.

(5) The Clerk is also directed to send copies of this Order to plaintiff and to the Honorable John C. Coughenour.

DATED this 20th day of August, 2008.

Mary Alice Theiler
United States Magistrate Judge

AND GRANTING LEAVE TO AMEND
PAGE -3